```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**LORENZO J. NICHOLS**             :      **CIVIL ACTION**
                                       :
           **v.**                       :
                                       :
**LYNNE M. ABRAHAM, et al.**       :      **NO. 08-2161**

**M E M O R A N D U M**

**YOHN, SR. J.**                                     **JUNE**     , **2008**

        Plaintiff, a prisoner, has filed a pro se civil rights complaint and an amended complaint,[1] in which he names Philadelphia District Attorney Lynne M. Abraham, Common Pleas Court Judge Sandy L.V. Byrd, and Common Pleas Court Judge Pamela Pryor Dembe as defendants. Plaintiff alleges that, pursuant to a conspiracy, the defendants failed to take any action on a Writ of Habeas Corpus Ad Subjiciendum which he attempted to file in the Philadelphia Court of Common Pleas, thereby obstructing justice and denying him due process. Plaintiff seeks damages and injunctive relief.

        With his complaint, plaintiff filed a request for leave to proceed in forma pauperis. As it appears he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis is granted. However, the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A, for the reasons which follow.

---

1. Plaintiff's amended complaint (document no. 6) is essentially the same as his original complaint.

1

**I.        STANDARD OF REVIEW**

28 U.S.C. § 1915A(b) provides that the Court shall, in a civil action brought by a prisoner against a governmental officer or employee, dismiss the complaint or any portion thereof "as soon as practicable" if the complaint - "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

**II.       DISCUSSION**

  **A.    Claims under 42 U.S.C. §§ 1985 and 1986**

To state a claim under § 1985(2)(second clause) plaintiff must allege that the defendants' actions were motivated by racially discriminatory animus.  No allegations in this complaint fit this category.  Likewise, plaintiff has failed to state a cognizable claim under § 1985(1) (conspiracy to prevent a United States officer from taking office or performing official duties); 1985(2) (first clause) (conspiracy to deter a witness from attending or truthfully testifying in federal court); or § 1986 (liability may be based only on a valid § 1985 claim). What remains are plaintiff's claims under 42 U.S.C. § 1983.

  **B.    Judicial Liability**

Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity.  <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978); <u>Mireles v. Waco</u>, 502 U.S. 9 (1991).  As the judges named as defendants in this action were acting in a judicial capacity with respect to

plaintiff's Writ of Habeas Corpus Ad Subjiciendum, plaintiff's damages claim is not actionable under § 1983.

Although judges have absolute immunity from damages claims, judges are not immune from § 1983 actions for declaratory or injunctive, rather than monetary, relief. Pulliam v. Allen, 466 U.S. 522 (1984).  However, plaintiff can only obtain equitable relief under § 1983 if he demonstrates: (1) an inadequate remedy at law; and (2) irreparable injury which is "both great and immediate." Pulliam, 466 U.S. at 537 & n.17 (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)).  The Court need not concern itself here with whether plaintiff has suffered irreparable injury because he clearly has an adequate remedy under Pennsylvania law for the claims set forth in his complaint. Thus, plaintiff's claim for injunctive relief is not actionable under § 1983.

### C. Prosecutorial Liability

The doctrine of absolute immunity shields prosecutors from liability for actions related to their official duties. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976).  Prosecutors are absolutely immune from liability for money damages under § 1983 for acts "within the scope of [their] duties" as a prosecutor. Although plaintiff is unclear about Ms. Abraham's involvement in the alleged failure to file his habeas corpus petition, nothing in this complaint suggests that she acted outside of her prosecutorial duties.  Thus, plaintiff's claim for damages is not actionable under § 1983.  Likewise, plaintiff's claim for

3

injunctive relief is not actionable for the reason that he has an adequate remedy for his alleged deprivation under Pennsylvania law.

### III.     CONCLUSION

Based on the foregoing, dismissal of this complaint pursuant to 28 U.S.C. § 1915A(b) is authorized at this time.  An appropriate order follows.

```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**LORENZO J. NICHOLS**          :          **CIVIL ACTION**
                                :
      **v.**                      :
                                :
**LYNNE M. ABRAHAM, et al**.    :          **NO. 08-2161**

### O R D E R

AND NOW, this          day of June, 2008, in accordance with the accompanying memorandum, IT IS HEREBY ORDERED that:

    1.   Leave to proceed in forma pauperis is GRANTED;

    2.   Plaintiff's complaint and amended complaint are DISMISSED as legally frivolous pursuant to 28 U.S.C. § 1915A(b); and

    3.   The Clerk of Court shall mark this case CLOSED.

                                  **BY THE COURT:**


                                 /S/ WILLIAM H. YOHN, JR., J.